# EXHIBIT A

STATE OF MINNESOTA
County of Ramsey

Judicial District:
Case Type:

DISTRICT COURT
Second
Civil Other/Misc.

Dorgina Hicks
Plaintiff

vs.

**SUMMONS**

Twin City Tenant Check, Inc.
Defendant

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for

the relief requested in the complaint.

    **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

    **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: February 9, 2016           Respectfully Submitted,

                      MADGETT & PETERSON, LLC

                      By:_____
                      Ryan D. Peterson (#0389607)
                      David J.S. Madgett (#03900494)
                      619 South Tenth Street
                      Suite 301
                      Minneapolis, MN 55404
                      (612) 367-6568
                      rpeterson@madgettlaw.com
                      dmadgett@madgettlaw.com

                      ATTORNEYS FOR PLAINTIFF

**STATE OF MINNESOTA**
County of Ramsey

Judicial District:
Case Type:

**DISTRICT COURT**
Second
Civil Other/Misc.

---

Dorgina Hicks
Plaintiff

vs.

Twin City Tenant Check, Inc.
Defendant

## COMPLAINT

---

PLAINTIFF, as and for her cause of action against the above-named defendant, states and alleges as follows:

### Introduction

1.    The following case alleges that Defendant tenant screening agency issued a tenant screening report regarding Plaintiff that contained inaccuracies and outdated information. In issuing such a report, Defendant failed to maintain and utilize reasonable procedures to insure maximum possible accuracy in compiling a consumer report and included obsolete information, all in violation of the Fair Credit Reporting Act. Accordingly, Plaintiff commenced this action.

### Statement of Jurisdiction

2.    This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681(n) & (o).

### Venue

3.      Venue is proper pursuant to Minn. Stat. §542.09 and 15 U.S.C. §1681(p) because the events giving rise to Plaintiff's cause of action against Defendant occurred within the State of Minnesota and the County of Ramsey.

### Parties

4.      Plaintiff Dorgina Hicks is an adult resident of Ramsey County, Minnesota and a "consumer" as defined by Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

5.      Defendant, Twin City Tenant Check, Inc. is a domestic corporation registered to conduct business in the state of Minnesota and a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

6.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Ramsey.

### Facts

7.      On or about September 1, 2015 Plaintiff applied for housing at a location either owned or managed by Olson Property Investments (hereinafter "Olson").

8.      During the course of said application process, the representative for Olson obtained a tenant screening report regarding Plaintiff from Defendant.

9.      Said report constitutes a "consumer report" as defined by 15 U.S.C. §1681a(d)(1).

10.     Contained in said report were seven different misdemeanor criminal charges regarding Plaintiff that had been dismissed.

11.     Said charges all date from 2004 or earlier, which is at least eleven years prior to the date Defendant issued the consumer report.

12.     According to 15 U.S.C. §1681c(5), no adverse item of information may be contained within a consumer report that antedates the report by more than seven years.

13.     Criminal charges, whether dismissed or otherwise, constitute adverse information.

14.     The inclusion of the outdated misdemeanor charges in Plaintiff's consumer report constitutes seven discreet violations of 15 U.S.C. §1681c(5) by Defendant.

15.     The consumer report issued regarding Plaintiff also contained inaccurate and/or misleading information.

16.     The consumer report stated that Plaintiff served one year in jail for a criminal conviction in 2000.

17.     In fact, Plaintiff's jail sentence of one year was stayed and Plaintiff only served six days in custody.

18.     Additionally, the consumer report regarding Plaintiff incorrectly indicated that Plaintiff had served 93 days in custody for a criminal conviction in 2009.

19.     In reality, Plaintiff was sentenced to 90 days of jail time with 87 of those days stayed.

20.     Upon information and belief, Defendant failed to utilize reasonable procedures to assure maximum possible accuracy when compiling a consumer report regarding Plaintiff.

21.     In failing to utilize reasonable procedures, Defendant violated 15 U.S.C. §1681c(b).

22.     The aforementioned violations caused Plaintiff a great deal of emotional distress, including, but not limited to, anger, shame, embarrassment, confusion, and sadness.

### Count I - Negligent Violations of the Fair Credit Reporting Act

*15 U.S.C. §1681, Et Seq.*

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCRA, including, but not limited to, violations of 15 U.S.C. §§1681c(5) and 1681e(b).

### Count II - Knowing and/ or Willful Violations of the Fair Credit Reporting Act
*15 U.S.C. §1681 Et Seq.*

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the FCRA, including, but not limited to, violations of 15 U.S.C. §§1681c(5) and 1681e(b).

### Jury Demand

27.     Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff, Dorgina Hicks, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages;

c.     Reasonable attorney's fees;

d.     Costs of the action;

e.     Any other relief deemed appropriate by this Honorable Court.

Dated: February 9, 2016                    Respectfully Submitted,

                                    MADGETT & PETERSON, LLC

                                    By:_____
                                    Ryan D. Peterson (#0389607)
                                    David J.S. Madgett (#03900494)
                                    619 South Tenth Street
                                    Suite 301
                                    Minneapolis, MN 55404
                                    (612) 367-6568
                                    rpeterson@madgettlaw.com
                                    dmadgett@madgettlaw.com

                                    ATTORNEYS FOR PLAINTIFF

                                    Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: February 9, 2016

                                    By:_____
                                    Ryan D. Peterson (#0389607)